1
2
3 **UNITED STATES DISTRICT COURT**
4 **NORTHERN DISTRICT OF CALIFORNIA**
5 **SAN JOSE DIVISION**
6

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD TALLEY, II,<br><br>Defendants. | Case No. CR 99-40235-01-SBA<br><br>**ORDER DENYING MOTIONS FOR RECONSIDERATION OF RESTITUTION**<br><br>[Re: ECF 75] |
| UNITED STATES OF AMERICA,<br><br>Plaintiffs,<br><br>v.<br><br>DONALD BERNARD TALLEY,<br><br>Defendants. | Case No. 4:97-CR-40113-DLJ-1<br><br>[Re: ECF 21] |

On November 16, 2018, Defendant Donald Talley, II filed a letter with this Court requesting that his restitution payments in Case Nos. CR-99-40235 and 97-CR-40113 be permanently suspended or, in the alternative, paid directly to the Court. *See* ECF 75. On December 3, 2018, the Court construed the letter to be a motion for reconsideration of restitution and ordered that the Government file a response by January 11, 2019. For the following reasons, the motions are DENIED.

Under 18 U.S.C. § 3613(b), Defendant's "liability to pay restitution shall terminate on the date that is the later of 20 years from entry of judgment or 20 years after release from imprisonment of the person ordered to pay restitution." Because Defendant is still imprisoned, this statutory requirement has not been met and his liability to pay restitution has not yet

1 terminated.  Moreover, Defendant fails to provide any facts to support a request to correct or
2 amend the restitution judgment.  *See* 18 U.S.C. §§ 3664(o)(1)(A), (C).  Nor has Defendant
3 sufficiently demonstrated that his economic circumstances have affected his ability to pay
4 restitution.  *See id.* § 3664(k).  Because Defendant's incarceration was contemplated when his
5 restitution was imposed, this fact alone is not sufficient to warrant such a change.  *Cf. id.* §
6 3664(e) (burden on Defendant to prove financial status).  Moreover, the Government has
7 submitted evidence that Defendant had over $1,000 in his inmate trust account in 2018.  *See*
8 Vickers Decl. ISO Opp. ¶ 6, ECF 81, Case No. 99-CR-40235.  Finally, to the extent Defendant
9 challenges his participation in the Bureau of Prison's Inmate Financial Responsibility Program
10 ("IFRP"), his participation in the program is voluntary, *see* 28 C.F.R. § 545.11; he has not
11 demonstrated that he exhausted his administrative remedies to challenge the program under the
12 Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), *see* Opp. 5–6; and the Ninth Circuit has
13 specifically upheld the legality of the IFRP.  *See United States v. Lemoine*, 546 F.3d 1042, 1050
14 (9th Cir. 2008) ("[T]he BOP has the authority to encourage voluntary payments in excess of those
15 required under the court's judgment by conditioning the receipt of certain privileges during the
16 term of imprisonment on the inmate's participation in the IFRP.").

Because Defendant has not otherwise demonstrated why he is entitled to a change in his restitution, the motions are DENIED.

**IT IS SO ORDERED.**

Dated: January 28, 2019

*[signature: Beth Labson Freeman]*

BETH LABSON FREEMAN
United States District Judge