UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>DONALD BERNARD TALLEY,<br>Defendant. | Case No. 99-cr-40235-JD-1<br><br>**ORDER RE SECTION 2255 MOTION AND CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. Nos. 44, 63 |

Donald Talley is serving a sentence in a federal prison after pleading guilty to two counts of bank robbery. Dkt. No. 44-1. He was determined to be a career offender under Section 4B1.1(a) of the United States Sentencing Guidelines on the basis of prior convictions for robbery and assault with a deadly weapon. *Id.* at 6. This substantially increased his sentencing guideline range, and resulted in a judgement in July 2000 of 151 months in custody. *Id.* at 2. Talley's conviction was affirmed on appeal. *United States v. Talley*, 12 F. App'x 512, 513 (9th Cir. 2001), *cert. denied*, 534 U.S. 934 (Oct. 1, 2001).

Talley now challenges his sentence under 28 U.S.C. § 2255(a), which allows federal prisoners to file a motion to vacate or correct a sentence imposed in violation of the Constitution or the laws of the United States, among other grounds. He raises a single legal point. The Supreme Court concluded in *Johnson v. United States*, 135 S. Ct. 2551, 2557 (2015), that the residual clause in the definition of a "violent felony" in the Armed Career Criminal Act, 18 U.S.C. § 924, was unconstitutionally vague. Although Talley was not sentenced under that provision, he says that Guideline Section 4B1.1(a) uses the same constitutionally infirm definition, and so his sentence should be vacated. Dkt. No. 44. The United States opposes the motion, and has also filed a motion to dismiss. Dkt. No. 63.

When Talley filed his motion in 2016, the potential application of *Johnson* to the guidelines was an open question. The governing law has developed substantially since then. In

2017, the Supreme Court concluded that the sentencing guidelines in their advisory and non-binding form post-*United States v. Booker* could not be challenged on constitutional vagueness grounds. *Beckles v. United States*, 137 S. Ct. 886, 894-95 (2017) (referencing *United States v. Booker*, 543 U.S. 220, 245 (2005)). But Talley was sentenced pre-*Booker*, when the guidelines were mandatory, and *Beckles* did not expressly address that situation. *See id.* at 903 n.4 (Sotomayor, J., concurring).

In 2018, the Ninth Circuit definitively closed the door to any possible relief for Talley through this avenue. It did so as a matter of the timeliness of a Section 2255 motion. The circuit applied the plain language of the one-year limitations provision in Section 2255(f)(1) to conclude that a vagueness challenge to the career offender enhancement under the mandatory guidelines was untimely if filed more than one year after the defendant's conviction became final. *United States v. Blackstone*, 903 F.3d 1020, 1022-23 (9th Cir. 2018), *cert. denied*, 139 S. Ct. 2762 (2019). Talley's conviction became final on October 1, 2001, after the Supreme Court denied his petition for writ of certiorari. *See Clay v. United States*, 537 U.S. 522, 527 (2003). Talley did not file his motion until 2016, long after the limitations period in Section 2255(f) had lapsed.

That might appear to be the end of the matter, but Talley says the motion is timely under Section 2255(f)(3), which starts the one-year limitations period from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). It is true that Talley filed within one year of the publication of *Johnson*, and that *Johnson* has been applied retroactively to collateral review cases. *See Welch v. United States*, 136 S. Ct. 1257, 1264-65 (2016). But *Blackstone* again bars Talley because it concluded that "*Johnson* did not recognize a new right applicable to the mandatory Sentencing Guidelines on collateral review." *Blackstone*, 903 F.3d at 1028. Consequently, Section 2255(f)(3) cannot save Talley's motion from untimeliness.

Talley also says that the government has in effect forfeited any timeliness defenses. *See* Dkt. No. 89 at 2. The point is not well taken. While the affirmative defense provisions in Federal Rule of Civil Procedure 8(c) generally apply to this motion, *see* Fed. R. Civ. P. 81(a)(4), it is not

2

entirely clear that the limitations period in Section 2255(f) is properly treated that way. *See* Rules Governing § 2255 Proceedings, Rule 1 advisory committee note (a "motion under § 2255 is a further step in the movant's criminal case and not a separate civil action."). Talley has not identified any governing case law suggesting otherwise.

In any event, even if Talley were given every benefit of the doubt on putative waiver, the Supreme Court has concluded in the related context of habeas proceedings that "district courts, have the authority -- though not the obligation -- to raise a forfeited timeliness defense on their own initiative." *Wood v. Milyard*, 566 U.S. 463, 473 (2012); *see also Day v. McDonough*, 547 U.S. 198, 203-05 (2006). There is no reason for a different rule under Section 2255, especially in light of its close connection with the writ of habeas corpus. *See Kaufman v. United States,* 394 U.S. 217, 222 (1969), *overruled on other grounds by Stone v. Powell*, 428 U.S. 465 (1976).

A finding against any waiver of timeliness is amply warranted in this case. There is no evidence that the government intended a waiver, or that it acted strategically to gain an unfair advantage over Talley. To the contrary, the law controlling the disposition of Talley's motion was developing even as the parties briefed and argued it. The Court stayed the case to allow the parties to catch up with these events, and *Blackstone* in particular. Dkt. No. 73. While these circumstances unfolded, the government consistently stated its view that *Johnson* did not recognize a new right applicable to Talley's motion. *See, e.g.*, Dkt. No. 55 at 2 ("*Johnson* is not retroactive to the Career Offender Guideline."); Dkt. No. 63 at 2 ("*Johnson* cannot be retroactive because its holding does not apply to the Guidelines."); Dkt. No. 90 at 3 ("There is no dispute that *Johnson* did not create a new right applicable to the mandatory sentencing guidelines on collateral review."). These statements are enough to preserve the government's timeliness position because the "contention that *Johnson* did not announce a new rule that applies to the instant case" is effectively "an 'alternative argument'" for the proposition that Talley's motion is untimely. *Blackstone*, 903 F.3d at 1025 n.2 (quoting *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004)).

Consequently, Talley's motion is denied. The government's motion to dismiss is denied as moot. With respect to an appeal, the Court finds that no reasonable jurist would disagree with the

3

conclusion that Talley has not made a substantial showing of the denial of a constitutional right, and so a certificate is denied.  *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

**IT IS SO ORDERED.**

Dated:  February 12, 2020

_____
JAMES DONATO
United States District Judge